UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X

PHILIP CARNEY,

                     Plaintiff,

                                              **MEMORANDUM AND ORDER**

             - against -
                                              21 Civ. 183 (NRB)

INTERNATIONAL CAPITAL GROUP, ICG ASIA
FINANCE LIMITED, ICG USA, LLC, "ABC
CORPORATIONS" 1-10 (NAMES FICTITIOUS),
LARRY RUSSEL, and BRIAN NORD,

                     Defendants.

---------------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


     On March 13, 2024, this Court entered a Memorandum and Order
denying plaintiff Philip Carney's motion for partial summary
judgment seeking to pierce the corporate veil and hold Brian Nord
and Larry Russel (together the "individual defendants") liable for
an unpaid installment payment owed under a General Release
agreement and dismissing plaintiff's remaining claims.  See ECF
No. 76 ("Summary Judgment Opinion").  On March 22, 2024, plaintiff
moved for reconsideration.  ECF No. 78 (Reconsideration Mot.)  For
the reasons herein, the Court denies plaintiff's motion.  The Court
assumes familiarity with its prior decision.

                       **LEGAL STANDARDS**

     Reconsideration of a prior decision is an "extraordinary
remedy to be employed sparingly in the interests of finality and

1

conservation of scarce judicial resources." In re Health Mgmt.
Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)
(citation and internal quotation marks omitted).  A motion for
reconsideration may not be used to introduce evidence that could
have been presented in the original motion, "relitigat[e] old
issues, present[] the case under new theories, secur[e] a rehearing
on the merits, or otherwise tak[e] a 'second bite at the apple.'"
Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52
(2d Cir. 2012), as amended (July 13, 2012) (quoting Sequa Corp. v.
GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)); see De los Santos v.
Fingerson, No. 97 Civ. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y.
Nov. 12, 1998).  In other words, "[a] motion for reconsideration
is 'neither an occasion for repeating old arguments previously
rejected nor an opportunity for making new arguments that could
have previously been made.'" Salveson v. JP Morgan Chase & Co.,
166 F. Supp. 3d 242, 248 (E.D.N.Y. 2016) (quoting Simon v. Smith
& Nephew, Inc., 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014)), aff'd,
663 F. App'x 71 (2d Cir. 2016).

Accordingly, "[t]he standard for granting [motions for
reconsideration] is strict, and reconsideration will generally be
denied unless the moving party can point to controlling decisions
or data that the court overlooked -- matters, in other words, that
might reasonably be expected to alter the conclusion reached by
the court," Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d

Cir. 1995), or "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citations omitted). Ultimately, whether to reconsider a decision is "committed to the sound discretion of the district court." Marotte v. City of New York, No. 16 Civ. 8953 (GHW), 2017 WL 11105223, at *1 (S.D.N.Y. Oct. 6, 2017) (citation omitted).

## DISCUSSION

Plaintiff's motion for reconsideration raises three arguments: (1) the Court should have imposed an adverse inference on the individual defendants as a discovery sanction for failing to retrieve corporate documents when they were evicted from their corporate offices; (2) the Court erred in denying the motion; and (3) the Court should have allowed the remaining claims to proceed to trial. Plaintiff's arguments are addressed seriatim.

### A. Discovery Sanction for Spoliation

Before addressing plaintiff's reargument motion concerning the Court's denial of his request for an adverse inference on the merits, some context is necessary. On July 20, 2022, plaintiff sought leave to file a motion to compel discovery based on the individual defendants' limited document discovery and alleged "deficiencies in their written discovery responses." ECF No. 36. On September 9, 2022, the Court sent a letter to the parties in

response.  ECF No. 38.  In that letter, we noted that "[t]he Court is of the firm view that plaintiff will learn more from [depositions] than engaging in motion practice with the pro se defendants."  Id.  Following the Court's September 9, 2022 letter, plaintiff submitted two status updates, at the Court's request, regarding the completion of depositions of the individual defendants, see ECF Nos. 42, 44, and submitted a scheduling order stating that "[a]s of February 28, 2023, fact discovery is concluded, but the parties may continue to subpoena third parties for documents and information in anticipation of trial," ECF No. 48.  Notably, there was no request for the imposition of a discovery sanction or even a request for additional assistance from the Court.  Rather, plaintiff waited until filing his summary judgment motion to argue that "it would be inequitable for the Court to presume all favorable inferences concerning the 'corporate form' and 'corporate regularity' in favor of [the individual defendants]" because the individual defendants produced only approximately 100 pages of documents in discovery and failed to retain corporate documents when they were evicted from their corporate offices in 2016.  ECF No. 63 ("Summary Judgment Mot.") at 15-16.  The Court specifically addressed this request in its Summary Judgment Opinion, stating that "[t]he Court previously directed plaintiff's counsel to take further discovery in the form of deposition testimony to 'explore the defendants' efforts to

4

obtain documents' and 'obtain any clarity needed' through Request for Admissions.  Therefore, the Court will not draw any adverse inferences and will rely on the evidence in the record."  Summary Judgment Opinion at 10 n. 9 (internal citations omitted).

Now, plaintiff submits that this Court reached "the incorrect conclusion that [p]lantiff did not comply with its . . . directive."  Reconsideration Mot. at 3.  Plaintiff is simply incorrect.  The Court never presumed that plaintiff did not follow its instructions.  Instead, the Court found that the requested sanction was not appropriate under the facts of this case -- a conclusion that we will elaborate on further given this application.

A party seeking spoliation sanctions must establish three elements: "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a 'culpable state of mind'; and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense."  Zubulake v. UBS Warburg LLC, 229 F.R.D. 422, 430 (S.D.N.Y. 2004).  Plaintiff's sanctions motion meets none of these requirements.  First, plaintiff fails to provide any authority to support the underlying premise of their motion: namely, that the individual defendants were required to retrieve records after an eviction from their

corporate offices and keep them for five years, _i.e._ from 2016 until 2021 when plaintiff decided to file suit.  Nor can plaintiff establish that defendants' failure to retrieve the documents from their landlord following the eviction from the corporate office was done with a "culpable state of mind" as that would have required the two _pro se_ defendants, neither of whom is an attorney, to predict that six years later, plaintiff would seek these documents to support a veil piercing argument.  In this regard, it should be recalled that the individual defendants have always admitted that the fourth installment payment was not made and was owed by the corporate parties to the General Release.  Finally, plaintiff can rely on no more than speculation to meet the third prong of a meritorious spoliation claim.  Accordingly, the Court rejects plaintiff's effort to reargue the adverse inference application as it was untimely and without basis.

### B. Veil-piercing Analysis

As for the second ground of plaintiff's reargument motion, _i.e._ that the Court reached the wrong conclusion on the veil-piercing issue, plaintiff simply repeats the same arguments he initially presented and claims that the Court overlooked evidence of corporate domination and case law regarding the commission of a fraud or wrong.  Specifically, plaintiff contends that the Court overlooked: (1) that the corporate defendants' minority owner, Todd Bergeron, and accountant, Ken Kenning, "felt the need to

resign" from the company because of how the individual defendants'
ran the business; and (2) that the individual defendants took
dividends and withdrawals from the corporate entities.  First,
Messrs. Bergeron and Kenning resigned from the ICG entities between
2011 and 2012, ECF No. 63-1 ("Plaintiff's Local Rule 56.1
Statement") ¶¶ 38-39, well before the parties entered into the
General Release and thus is not relevant.  See Wm. Passalacqua
Builders, Inc. v. Resnick Devs. S., Inc., 933 F.2d 131, 138 (2d
Cir. 1991).  Second, the Court considered and explicitly addressed
the company's dividend policy, stating that the "irregular
dividend/withdrawal policies are precisely the 'trappings of
sophisticated corporate life' that would 'inevitably beckon the
end of limited liability for small business owners.'"  Summary
Judgment Opinion at 11.  Plaintiff also argues that the Court
failed to consider that a fraud or wrong may be demonstrated where
a plaintiff "has adequately linked its inability to collect on its
judgment to affirmative acts taken by defendants," citing Am.
Federated Title Corp. v. GFI Mgmt. Servs., Inc., 39 F. Supp. 3d
516, 526 (S.D.N.Y. 2014).  Reconsideration Mot. at 8.  Though not
explicitly addressed in this Court's prior decision, plaintiff's
reliance on that case is misplaced because plaintiff ignores the
fact that there, the plaintiff's inability to collect on its
judgment was due to insufficient assets caused by "'stripping' the
[corporate entities] through transfers, management fees, and

expense payments." Am. Federated Title Corp., 39 F. Supp. 3d at 527. There is no similar evidence here. Indeed, not only does plaintiff not point to any evidence of "stripping" at the time the fourth payment was due, but conveniently ignores the personal guarantees from Mr. Nord for the first three payments.

Plaintiff also asserts that there are remaining disputed facts that a jury may resolve in its favor. Plaintiff's argument is difficult to comprehend as there were no disputed facts. As plaintiff is well aware, the individual defendants did not respond to the motion, i.e. they did not dispute plaintiff's facts. Rather, the Court examined the record with care, as it was required to do given the individual defendants' pro se status. Having done so, the Court found as a matter of law that plaintiff failed to tie "any of the random facts to either transaction in which he entered in a manner that would support a finding of veil piercing against the individual defendants." Summary Judgment Opinion at 11-12. Further, to respond to plaintiff's argument, the Court now makes explicit what was implicit in its decision: namely, that no reasonable jury could find otherwise. Plaintiff's attempt to rely on arguments that this Court already considered and rejected in our Summary Judgment Opinion or to introduce new arguments on a motion for reconsideration are not grounds to grant the extraordinary relief he seeks, and thus his motion is denied as to the veil-piercing claim.

**C. Plaintiff's remaining claims**

Plaintiff also objects to the Court's dismissal of three other claims plaintiff brought against the individual defendants, namely: (1) breach of the duty of good faith and fair dealing; (2) fraud; and (3) fraudulent conveyance.

The Court dismissed the breach of the duty of good faith and fair dealing and fraud claims because they were duplicative of plaintiff's breach of contract claim.  On this motion, plaintiff argues that the claim is not duplicative because it is based on "defendants' bad faith actions once they realized they could not comply with their contractual duties."  Reconsideration Mot. at 10.  While plaintiff is correct that a party is precluded from doing "anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract," 511 W. 232nd Owners Corp. v. Jennifer Realty Co., 98 N.Y.2d 144, 153 (N.Y. 2002), plaintiff ignores the fact that the individual defendants are not parties to the contract.  Indeed, it "is axiomatic that a claim for breach of the implied covenant of good faith and fair dealing may only be brought against a party to the relevant contract."  Fischkoff v. Iovance Biotherapeutics, Inc., No. 17 Civ. 5041 (AT)(GWG), 2018 WL 4574890, at *7 (S.D.N.Y. July 5, 2018); see also Flaherty v. Dixon, No. 22 Civ. 2642 (LGS), 2023 WL 2051861, at *16 (S.D.N.Y. Feb. 16, 2023).  Thus, this claim was properly dismissed.

Plaintiff argues that the fraud claim is not duplicative of the breach of contract claim because it is based on representations about "the status of the ICG Entities both before the parties entered into the Installment Agreement and Release as well as after." Reconsideration Mot. at 11. While plaintiff is correct that a false misrepresentation of a present fact can give rise to a separate fraud claim, see Stewart v. Jackson & Nash, 976 F.2d 86, 89 (2d Cir. 1992), plaintiff fails to acknowledge his admission, as recounted in this Court's prior opinion, that as early as March 2012, plaintiff "was aware and understood that Brian Nord and Larry Russell were principals of various entities engaged in stock-based loans with customers under the ICG banner," Summary Judgment Mot. at 11, and that when entering into the General Release with installment payments, plaintiff was aware that the ICG entities were experiencing cash flow issues, Plaintiff's Local Rule 56.1 Statement ¶ 63.

Finally, as the Court noted in its previous decision, evidence of any fraudulent conveyance by the individual defendants would have been highly relevant to the veil piercing claim as it would have been meaningful evidence that the individual defendants engaged in financial comingling and/or exercised complete domination over the corporation. However, plaintiff submitted no such evidence. Plaintiff now claims that he did not provide any evidence of a fraudulent conveyance on this issue because it was

not the subject of its summary judgment motion.  Plaintiff also suggests that he could have prevailed without actual evidence of a fraudulent conveyance by simply relying on an adverse inference. Plaintiff seems to equate the absence of evidence with admissible evidence.  While creative, the argument is risible.  Indeed, "before we permit the drawing of an adverse inference, we require some showing indicating that the destroyed evidence would have been relevant to the contested issue." Kronisch v. United States, 150 F.3d 112, 127 (2d Cir. 1998).  Moreover, as discussed above, the Court finds once again that an adverse inference is not warranted here.

In addition, although not mentioned in this Court's previous decision, "New York law does not recognize a creditor's remedy for money damages against parties who were neither transferees of the assets nor beneficiaries of the conveyance." City of Almaty v. Ablyazov, 278 F. Supp. 3d 776, 798 (S.D.N.Y. 2017) (quotation and punctuation marks omitted).  New York courts have also found that "in the specific context of fraudulent conveyances," individual defendants "cannot be held liable without piercing the corporate veil unless they benefited from the conveyances." D'Mel & Assocs. v. Athco, Inc., 963 N.Y.S.2d 65, 67 (N.Y. App. Div. 2013). Plaintiff's Complaint only stated that the individual defendants "made various financial transactions between the Corporate Entities." ECF No. 5 ¶ 49 (emphasis added).  Plaintiff did not

11

plead, or provide any evidence of a fraudulent conveyance to the individual defendants.  In addition, plaintiff cannot magically transform the receipt of a dividend or other remuneration into a fraudulent transfer.  In sum, plaintiff has failed to raise any argument to support a conclusion that the Court erred in dismissing the three causes of action challenged in its reargument motion.

### CONCLUSION

Accordingly, plaintiff's motion for reconsideration is denied.  The Clerk of the Court is respectfully instructed to terminate the motion pending at ECF No. 77.

**SO ORDERED.**

Dated:     April 5, 2024
           New York, New York

                                        _____
                                        NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE